# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8300 | **DATE** | 1/31/2011 |
| **CASE TITLE** | Savage vs. Countrywide Funding Corp., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff may file an amended complaint if he can cure the defects described below. Plaintiff's motion for a preliminary injunction [#6] is stricken. Plaintiff's application for leave to proceed *in forma pauperis* [#4] and his motion for appointment of counsel [#5] are denied without prejudice. Civil case terminated. See statement below.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

     In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the lawsuit. *See Cook* v. *Winfrey*, 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (internal quotation marks and citations omitted)). Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Ricketts* v. *Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citations omitted). The court must first "assess the substantiality of the constitutional or federal statutory allegations of the complaint to determine whether they are . . . 'wholly insubstantial and frivolous.'" *Id.* at 1181–82 (quoting *Bell* v. *Hood,* 327 U.S. 678, 681–82, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Id.* at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id.* (quoting *Hagans* v. *Lavine*, 415 U.S 528, 536-39, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams* v. *Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

     This court is of limited jurisdiction and plaintiff, like all litigants, must show that his claims are properly before the court. Therefore plaintiff's complaint must *either* (1) state a claim that arises under federal law, *see* 28 U.S.C. § 1331, *or* (2) plead facts showing that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, *see id.* § 1332(a).

     With respect to the first method of showing jurisdiction, plaintiff has attempted to state claims under the following federal laws: (1) the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, (2) the Fair Credit Reporting

| STATEMENT |
|---|

Act, 15 U.S.C. § 1681, *et seq.*, (3) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (4) the Federal Trade Commission Act, 15 U.S.C. § 45(a), and (5) 18 U.S.C. § 1005 (criminalizing falsification of bank entries, reports and transactions). For the reasons that follow, these claims must be dismissed as frivolous.

In order to succeed on his claim for discrimination under the Fair Housing Act ("FHA"), plaintiff will need to prove that Countrywide intended to discriminate against him on the basis of his race or that Countrywide's lending practices have a disparate impact on African-Americans. *See Bloch* v. *Frischholz*, 587 F.3d 771, 784 (7th Cir. 2009); *Davis* v. *Wells Fargo Bank*, 685 F. Supp. 2d 838, 845–46 (N.D. Ill. 2010). Plaintiff alleges that he is African American, that in July 1995 he received a mortgage with an adjustable interest rate of 7%, and that the Attorney General of Illinois has recently filed suit against Countrywide for racial discrimination because African Americans have been charged higher interest rates than white borrowers. These facts do not rationally support a claim under either the intentional discrimination or disparate impact theory. The statute of limitations for a claim brought under the FHA is two years, however. 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."). Plaintiff's allegations, which focus on his receipt of a loan in July 1995, do not support the application of the "continuing violations" principle to his FHA claims. *See Havens Realty Corp.* v. *Coleman*, 455 U.S. 363, 382, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (continuing violations doctrine does not apply where plaintiff's claim related to four isolated incidents of receiving false information). Therefore plaintiff's claim under the FHA is time-barred. *See Davis* v. *Wells Fargo Bank*, — F.3d —, No. 10-1549, 2011 WL 93030, at *1 (7th Cir. Jan. 12, 2011) (where plaintiff alleged that she had received a predatory mortgage loan, statute of limitations began to run as of the date the loan was made).

Plaintiff does not explain which provisions of the Fair Credit Reporting Act ("FCRA") apply to his claims, but based on the allegations in the complaint the applicable sections are 15 U.S.C. § 1681s-2(a) and (b), which create duties on the part of persons who furnish information to consumer reporting agencies. Plaintiff appears to allege that Bank of America violated these provisions by incorrectly reporting that he has an open and past due Countrywide loan. Section 1681s-2(a), which prohibits a person from furnishing information if the person knows or has reasonable cause to believe that the information is inaccurate, does not create a private cause of action. *See Lang* v. *TCF Nat'l Bank*, 338 F. App'x 541, 544 (7th Cir. 2009); *Rollins* v. *Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005); 15 U.S.C. § 1681s-2©. Section 1681s-2(b) creates duties on the part of furnishers of information who have received notice of a dispute regarding the completeness or accuracy of any information provided to a consumer reporting agency. Furnishers of information, however, "are accountable under § 1681s-2(b) *only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the [credit reporting agency]*." *Rollins*, 379 F. Supp. 2d at 967 (emphasis added); 15 U.S.C. § 1681s-2(b)(1)(A)-(D). Plaintiff has not alleged that he notified a credit reporting agency of an inaccuracy in his report or that a credit reporting agency notified any of the defendants of an inaccuracy. Therefore plaintiff's claim under the FCRA must be dismissed.

Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, must also be dismissed because mortgage providers and mortgage servicing companies are not "debt collectors" within the meaning of the statute. *See Nwoke* v. *Countrywide Home Loans, Inc.*, 251 Fed. App'x 363, 364–65 (7th Cir. Ill. 2007) (Countrywide not a "debt collector" under the FDCPA); *Crawford* v. *Countrywide Home Loans, Inc.*, No. 3:09CV247-PPS-CAN, 2010 U.S. Dist. LEXIS 84995, at *21–23 (N.D. Ind. Aug. 16, 2010) (granting summary judgment in Countrywide's favor on similar grounds); *see also Perry* v. *Stewart*

| STATEMENT |
|---|

*Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). As the Seventh Circuit has explained, "[t]he FDCPA protects debtors from improper practices of 'debt collectors'– third parties who attempt to recoup debts owed to creditors. . . . But a creditor who collects its own debt using its own name is not a 'debt collector.'" *Nwoke*, 251 Fed. App'x at 364–65.

Finally, plaintiff's claims under the Federal Trade Commission Act, 15 U.S.C. § 45(a), and a criminal bank fraud statute, 18 U.S.C. § 1005, must be dismissed because neither statute creates a private right of action.

For the foregoing reasons, the court does not have federal question jurisdiction over plaintiff's claims. *See* 28 U.S.C. § 1331. Because plaintiff has not alleged any facts regarding the defendants' citizenship, the court does not have jurisdiction under 28 U.S.C. § 1332, either. Therefore plaintiff's complaint must be dismissed without prejudice for lack of subject matter jurisdiction.

Accordingly, plaintiff's motions for leave to proceed *in forma pauperis* [#4] and for appointment of counsel [#5] are denied without prejudice. Plaintiff's motion for a preliminary injunction [#6] is stricken. This case is dismissed for lack of jurisdiction.

Because plaintiff's complaint is dismissed without prejudice, he may file an amended complaint stating claims under the FHA or the FCRA if he can plead specific facts that would permit an inference that either of these statutes has been violated within the applicable statute of limitations period. Plaintiff should not refer simply to "defendant" throughout his amended complaint. Rather, the fact section of the amended complaint should refer to each defendant individually by name so that the court can determine which defendants did each of the actions that plaintiff alleges. In addition, the amended complaint should not include allegations regarding errors on the part of the Circuit Court of Cook County and the United States Bankruptcy Court. The court is without jurisdiction to consider the allegations set forth in Counts I, II, IV, V, and VII of plaintiff's complaint, which must be brought before either the Illinois Appellate Court or the United States Bankruptcy Court.

Should plaintiff conclude that he can file an amended complaint that comports with this order, he is advised to contact the Help Desk located in the Office of the Clerk for further counsel as to how he might draft a complaint. The Help Desk is located in on the 20th floor of the Dirksen Building at 219 S. Dearborn Street. Appointments can be made at the Clerk's Office Intake Desk on the 20th floor or by calling 312/435-5691. Information for *pro se* litigants is also available on the court's website at http://www.ilnd.uscourts.gov/home/ProSe.aspx.